[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11068
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00077-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL E. KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(November 14, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Knight appeals his sentence of 72 months imprisonment, which

was imposed following his plea of guilty to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  The district court determined that Knight's offense level was 29 and his criminal history category was I, thus yielding a guideline range of 87 months to 108 months imprisonment.  The district court disagreed, however, with the policy underlying the guidelines' application of a two-level enhancement in the offense level for Knight's use of a computer.  The district court therefore varied downward and imposed a sentence of 72 months imprisonment.  On appeal, Knight asks us to set aside this sentence on the ground that it is both procedurally and substantively unreasonable.

## I.

"A district court should ensure that it commits no procedural error in imposing sentence."  United States v. Tobin, 676 F.3d 1264, 1309 (11th Cir. 2012).  A procedural error occurs if the district court 1) fails to properly calculate the guideline range, 2) treats the guidelines as mandatory, 3) fails to consider the 18 U.S.C. § 3553(a) factors, 4) selects a sentence based on clearly erroneous facts, or 5) fails to adequately explain the chosen sentence.  See United States v. Wayerski, 624 F.3d 1342, 1353 (11th Cir. 2010).

Knight first argues that the district court erred because it treated the

guidelines as mandatory.  We reject this argument because the district court's decision to impose a sentence below the guideline range clearly demonstrates its understanding that the guidelines are advisory.  Knight also asserts that the district court did not adequately explain the sentence it imposed.  He specifically notes that the district court did not discuss the nature and circumstances of his offense or his personal history and characteristics.  This argument also fails.

We have long held that a district court is not required to "discuss each of the § 3553(a) factors" at sentencing.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, it is sufficient for a district court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors.  See id. at 1329–30.  Here, the district court confirmed at sentencing that it had reviewed the sentencing memorandum Knight filed in support of a downward variance.  That document specifically discussed the nature of the offense, as well as the history and characteristics of the defendant.  Also, the district court stated at sentencing that it had considered the § 3553(a) factors.[1]  The district court therefore did all that it was required to do.  See id.

II.

---

[1] In light of this, we also reject Knight's argument that the district court failed to consider the § 3553(a) factors.

3

Knight also challenges his sentence as substantively unreasonable.  We evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  Under that standard, we may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  Although we do not presume that a sentence falling within a guideline range is reasonable, we ordinarily expect that it is.  See United States v. Talley, 431 F.3d 784, 787–88 (11th Cir. 2005).

Knight's principal argument in this regard is that the sentencing guidelines governing child pornography offenses, U.S.S.G. § 2G2.2, are fundamentally flawed and that, as a result, the district court erred by giving them significant weight.  Knight draws our attention to the Second Circuit's decision in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010).  There, our sister circuit vacated a within-guideline sentence for a child pornography offense as substantively unreasonable.  Id. at 176.  The court observed that U.S.S.G. § 2G2.2 is "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results."  Id. at 188.

4

The government is correct to point out, however, that this Court has previously rejected the suggestion that U.S.S.G. § 2G2.2 is inherently flawed. See Wayerski, 624 F.3d at 1354–55 (dismissing the argument that "the Sentencing Guidelines for child-pornography offenses are irrational and not empirically based"); United States v. Pugh, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008) (rejecting the argument that the child-pornography guidelines "exhibit the deficiencies" previously found in the crack-cocaine guidelines). In view of this precedent, which has not been overruled by this Court sitting en banc or by the Supreme Court, we must reject Knight's argument. See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009); accord United States v. Scott, No. 11-13617, 2012 WL 1648872, at *1 (11th Cir. May 11, 2012).

## III.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**